RCH:ADG/RMS
F. #2024R00516

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

DAO YIN,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT
E.D.N.Y.
*OCTOBER 22, 2025*
BROOKLYN OFFICE

I N D I C T M E N T

Cr. No. 25-CR-334
(T. 18, U.S.C., §§ 981(a)(1)(C),
1028A(a)(1), 1343, 2 and 3551 et seq.;
T. 21, U.S.C., § 853(p); T. 28, U.S.C.,
§ 2461(c))

JUDGE DORA LIZETTE IRIZARRY
MAGISTRATE JUDGE SETH D. EICHENHOLTZ

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.    <u>The Defendant and Relevant Entities</u>

    1.    The defendant DAO YIN was a resident of Queens, New York. During the 2024 election cycle, YIN campaigned as a candidate for the New York State Assembly (the "Assembly") to represent Assembly District 40, which covered parts of Queens, New York. On or about June 25, 2024, YIN lost the primary election to represent a national political party in the general election to be held on or about November 5, 2024.

    2.    The New York State Public Campaign Finance Board ("PCFB") oversaw and administered the New York State Public Campaign Finance Program, which provided candidates running for statewide or state legislative office the ability to qualify for and receive public matching funds based on small donations from residents in applicable districts.

    3.    Dao Yin for New York 2024 (the "Committee") was the defendant DAO YIN's campaign committee, which was registered with the PCFB to receive funds through the

New York State Public Campaign Finance Program. YTN served as the treasurer of the Committee.

II.     New York State Public Campaign Finance Program

4.      To participate in the New York State Public Campaign Finance Program, a candidate was required to register an authorized committee with the PCFB, be in a covered election for a covered office, meet threshold requirements for the number of matchable contributions received and total monetary contributions received and adhere to all other program requirements such as making periodic disclosures to the PCFB. Contributions between $5 and $250 were generally eligible for public matching funds provided they met certain criteria. For an Assembly race, the candidate generally must have raised a minimum of $6,000 in matchable contributions and have a minimum of 75 matchable donations. For cash contributions to qualify for matching funds, the candidate's authorized committee was required to submit contribution cards that, among other things, listed each contributor's name, residential address, date of contribution, telephone number and email address. The contribution cards also had to be signed by the contributors.

5.      The PCFB used a tiered formula for determining the amount of matching funds for particular contributions. Pursuant to that formula, the amount of matching funds could in some circumstances exceed the original contribution amount. The maximum amount of matching funds that could be received for a $250 contribution was $2,300. The maximum total amount that a candidate for an Assembly race could receive in matching funds was $175,000 for a primary election and $175,000 for a general election.

2

6. Where a candidate was determined by the PCFB to qualify for public matching funds, the funds were disbursed by the Office of the New York State Comptroller to a bank account for the candidate's authorized committee.

III. The Defendant's Fraudulent Scheme

7. The defendant DAO YIN, through the Committee, fraudulently obtained public matching funds through the New York State Public Campaign Finance Program in connection with YIN's candidacy in the 2024 primary election to represent Assembly District 40. Specifically, in order to qualify for public matching funds, YIN submitted to the PCFB fraudulent contribution cards that listed the names and purported to bear the signatures of individuals he falsely claimed to have donated to the Committee. Thereafter, the PCFB informed YIN that the Committee needed to supply additional information for the purported contributors, namely their email addresses or telephone numbers in order to receive matching funds. The PCFB further advised YIN that, to address these deficiencies, YIN could send letters ("Good Faith Letters") to the purported contributors, requesting the missing information. YIN, in furtherance of the fraudulent scheme, provided the PCFB with copies of Good Faith Letters he claimed to have sent to the purported contributors requesting the missing information, despite knowing that some of these individuals never, in fact, donated to the Committee.

8. As a result of this scheme, the Committee's bank account received a deposit of public matching funds from the Office of the New York State Comptroller in the amount of approximately $162,800 on or about June 3, 2024.

COUNT ONE
(Wire Fraud)

9. The allegations contained in paragraphs one through eight are realleged and incorporated as if fully set forth in this paragraph.

3

10. In or about and between May 2023 and June 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DAO YIN, together with others, did knowingly and intentionally devise a scheme and artifice to defraud the PCFB and to obtain money from the Office of the New York State Comptroller by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted, by means of wire communications in interstate commerce, one or more writings, signs, signals, pictures and sounds, to wit: email communications and electronic transmissions submitted by YIN to the PCFB.

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

## COUNT TWO
(Aggravated Identity Theft)

11. The allegations contained in paragraphs one through eight are realleged and incorporated as if fully set forth in this paragraph.

12. In or about and between May 2023 and December 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DAO YIN, together with others, during and in relation to the crime charged in Count One, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of one or more persons, to wit: the names and signatures of Individual #1, Individual #2 and Individual #3, whose identities are known to the Grand Jury, knowing that the means of identification belonged to said other persons.

(Title 18, United States Code, Sections 1028A(a)(1), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT ONE

13.  The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

14.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

s/
FOREPERSON

By David Pitluck, Assistant U.S. Attorney
JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

EDWARD P. SULLIVAN
ACTING CHIEF, PUBLIC INTEGRITY SECTION
U.S. DEPARTMENT OF JUSTICE

6